UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TARGUS INFORMATION CORPORATION,**

           **Plaintiff,**

-vs-                                                                                                    Case No. 6:07-cv-1222-Orl-19DAB

**800 ADEPT, INC.,**

           **Defendant.**

_____

# ORDER

This case comes before the Court on the following:

1. Defendant 800 Adept, Inc.'s Motion And Incorporated Memorandum Of Law To Dismiss Plaintiff's Declaratory Judgment Complaint (Doc. No. 11, filed Oct. 9, 2007); and

2. Plaintiff Targus Information Corporation's Opposition To Defendant's Motion And Memorandum To Dismiss Plaintiff's Declaratory Judgment Complaint (Doc. No. 15, filed Oct. 26, 2007).

## Background

Plaintiff Targus Information Corporation ("Targus" or "Plaintiff") brings this action against Defendant 800 Adept, Inc. ("800 Adept" or "Defendant") seeking a declaration that its On-Demand Telepass and On-Demand LocationID products do not infringe Defendant's patents numbered RE 36,111 ("111 Patent") and 5,805,689 ("689 Patent"). (Doc. No. 1, filed July 27, 2007.) Defendant moves to dismiss Plaintiff's Complaint or in the alternative to stay the proceedings "pending the final

outcome in the [previous] Florida case and pending resolution of the Texas Litigation." (Doc. No. 11 at p. 15, filed Oct. 9, 2007.)

The previous Florida litigation to which Defendant refers is the case tried before this Court, *800 Adept, Inc. v. Targus Info. Corp.*, No. 6:02-cv-1354-ORL-19-DAB (Final Judgment and Order of Injunctive Relief entered at Doc. No. 475, filed Apr. 12, 2007) ("*Targus I*"). In *Targus I*, a jury found that Targus' IntelliRouting Express, LocationExpress, and Dart products infringed 800 Adept's 111 Patent and 689 Patent. (*Targus I*, Doc. No. 425, filed Oct. 30, 2006.) The Court granted 800 Adept injunctive relief and ordered:

> That the Defendants/Counter-Plaintiffs, **MUREX SECURITIES, LTD.**, **MUREX LICENSING CORPORATION**, and **TARGUS INFORMATION CORPORATION**, are enjoined and shall cease and desist in the making, using, sale, or offering for sale, the IntelliRouting Express, LocationExpress and DART products, and any colorable versions thereof, and shall be further enjoined from using latitude and longitude coordinates in the construction of computer databases used to produce and/or support such products.

(*Targus I*, Doc. No. 475 at p. 3, ¶ 5.) Targus has filed an appeal with the Federal Circuit Court of Appeals where the case is currently pending. (*Targus I*, Doc. No. 493, filed May 11, 2007.)

The Texas Litigation to which Defendant refers is the combination of two cases that 800 Adept filed in the Eastern District of Texas. *800 Adept, Inc. v. Enterprise Rent-A-Car Co.*, No. 5:07-cv-57 (E.D. Tex. Apr. 10, 2007); *800 Adept, Inc. v. AT&T Mobility LLC*, No. 5:07-cv-23 (E.D. Tex. Feb. 6, 2007). In these suits, 800 Adept has named eighteen defendants, "many of which are current or former customers of Targus." (Doc. No. 11 at p. 4; *see also* Doc. No. 15 at p. 2.) 800 Adept again alleges infringements of the 111 and 689 Patents that were the subject of the *Targus I* case. (Doc. No. 1 at p. 4, ¶ 13; Doc. No. 11 at p. 4.)

In *Targus I*, Targus filed a Notice of Compliance with this Court on June 6, 2007. (*Targus I*, Doc. No. 500, filed June 6, 2007.) In this Notice, Targus claims to have developed and implemented new products called On-Demand Telepass and On-Demand Location ID. (*Targus I*, *id.* at p. 2.) Targus asserts that these new products are "not the same as, or colorable versions of, IntelliRouting Express, Location Express, or Dart" and that the products "do not infringe the claims of the 800 Adept patents." (*Targus I*, *id.* at p. 3.) In response to this Notice of Compliance, 800 Adept moved to compel "Targus' prompt production of the information necessary to determine if Targus is in contempt as the result of its alleged 'design around.'" (*Targus I*, Doc. No. 511 at p. 1.) Magistrate Judge Baker denied this Motion for two reasons: (1) Targus had not made a prima facie showing of contempt; and (2) there were substantial open issues regarding possible infringement that would require significant discovery and testimony, thereby making contempt proceedings inappropriate. (*Targus I*, Doc. No. 516, filed Aug. 21, 2007.) This Court overruled 800 Adept's Objection to Judge Baker's Order. (*Targus I*, Doc. No. 519, filed Sept. 25, 2007.)

Plaintiff Targus now brings this action to determine if its new products, On-Demand Telepass and On-Demand Location ID, are infringing Defendant 800 Adept's 111 and 689 Patents. (Doc. No. 1.) Defendant moves to dismiss, arguing that the Court lacks subject matter jurisdiction to hear the case because there is no concrete dispute between the parties and therefore no case or controversy. (Doc. No. 11.) In the alternative, Defendant asks this Court to stay the case pending the appeal to the Federal Circuit and resolution of the Texas Litigation. (*Id.*)

**Standards of Review**

**I.     Jurisdictional Arguments**

Subject matter jurisdiction must be affirmatively shown in the record before a court may consider the merits of any case. *E.g.*, *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). The party asserting federal subject matter jurisdiction bears the burden of proving its existence. *Id.* In an ordinary civil action, the Federal Rules of Civil Procedure require a party to file "a short and plain statement of the grounds upon which the court's jurisdiction depends. . . ." Fed. R. Civ. P. 8(a)(1). If the complaint fails to conform to Federal Rule of Civil Procedure 8(a)(1), the defendant can move to dismiss the complaint under Federal Rule of Civil Procedure12(b)(1). *E.g.*, *Leisure v. Hogan*, 21 Fed. App'x 277, 278 (6th Cir. 2001); *Anderson v. United States*, 245 F. Supp.2d 1217, 1221 (M.D. Fla. 2002).

Under Federal Rule of Civil Procedure 12(b)(1), a party can bring either a facial or a factual challenge to a court's subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). In a facial challenge, a court assumes all of a plaintiff's allegations are true and determines whether a plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Id.* at 1529. In a factual challenge, a court must determine if it has power to hear the case. *Id.* A court is not required to assume a plaintiff's allegations are true and is free to consider matters outside of the pleadings, weigh the evidence, and evaluate the merits of the jurisdictional claims. *Id.*

In the context of declaratory judgment actions, a district court's assumption of jurisdiction is discretionary. 28 U.S.C. § 2201(a) (2006). However, where a case involves a possible patent infringement, policy favors assumption of jurisdiction because the declaratory judgment plaintiff is likely to suffer significant ongoing harm during any delay in adjudication. *Minn. Mining & Mfg.*

*Co. v. Norton Co.*, 929 F.2d 670, 674-75 (Fed. Cir. 1991). Where a plaintiff is seeking a declaration that its product is non-infringing, a court must have a "sound basis for refusing to adjudicate an actual controversy." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1383 (Fed. Cir. 2007). In determining whether there is an actual controversy, the Federal Circuit has explained:

> [W]here a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights.

*Id.* at 1381. Thus, a court should interpret the Article III case or controversy requirement broadly when considering whether it has jurisdiction over a non-infringement declaratory action.

**II.    Arguments to Stay Case**

A court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Trial courts are afforded "broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court." *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551-52 (11th Cir. 1986). Circuit Courts of Appeal review a district court's decision whether to stay proceedings under an abuse of discretion standard. *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982).

**Analysis**

Defendant makes three arguments in support of its Motion: (1) Plaintiff has not shown that a substantial controversy exists; (2) there is insufficient immediacy and reality to warrant a declaratory judgment; and (3) the Court should exercise its discretion to either dismiss the

declaratory judgment action or stay the proceedings. (Doc. No. 11 at pp. 9-14.) Defendant supports its Motion with evidence and arguments that exceed the scope of the pleadings and makes a factual challenge to the Court's subject matter jurisdiction. The Court therefore may consider matters outside of the pleadings to decide the merits of Defendant's jurisdictional claims. *Lawrence*, 919 F.2d at 1529.

First, Plaintiff has demonstrated that there is an Article III case or controversy. As explained above, a case or controversy exists where: (1) a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party; and (2) that party contends that it has the right to engage in the accused activity without license. *SanDisk Corp.*, 480 F.3d at 1381. First, Defendant has asserted rights under its patents based on Plaintiff's development and sale of On-Demand Telepass and On-Demand Location ID. (*E.g.*, Doc. No. 15 at p. 11) ("[800 Adept] believes the OnDemand products are nothing more than a new name given to the Targus products already determined to infringe in the Florida Litigation."). Second, Plaintiff contends that it has a right to develop and sell On-Demand Telepass and On-Demand Location ID without license from Defendant. (*E.g.*, Doc. No. 1 at p. 5, ¶¶ 15-20.) Both elements are present; therefore, this is a case or controversy under Article III.

Next, there is sufficient immediacy and reality for the Court to entertain an action for declaratory judgment. Defendant has aggressively litigated its patent rights in the past and has demonstrated a continued willingness to defend its patents. Defendant has threatened Plaintiff with contempt proceedings and has represented to this Court that it believes Plaintiff's On-Demand products infringe its patents. (*E.g.*, Doc. No. 11 at p. 9; Doc. No. 11-9; Doc. No. 15-9.) Given the past litigation between these parties, the ongoing litigation between Defendant and Plaintiff's

customers, and Defendant's Motion to Compel Discovery on this issue, the Court finds the case has sufficient immediacy and reality to warrant the issuance of declaratory judgment.

Lastly, the Court finds it inappropriate to decline jurisdiction in this case. As the Federal Circuit has stated, "When there is an actual controversy and a declaratory judgment would settle the legal relations in dispute and afford relief from uncertainty or insecurity, in the usual circumstance the declaratory judgment is not subject to dismissal." *SanDisk Corp.*, 480 F.3d at 1383 (quoting *Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993)). As explained above, a court must have a "sound basis" for refusing to exercise jurisdiction over an actual controversy. *Id.*

The Court finds no sound basis for refusing to exercise jurisdiction to adjudicate this controversy. The determination whether On-Demand Telepass and On-Demand Location ID infringe the 111 and 689 Patents is not necessarily dependent on the determination of infringement by Targus' previous products in *Targus I*. The Court recognizes that the validity of the 111 and 689 Patents underlies both cases and that a Federal Circuit decision in *Targus I* finding the claims of the 111 and 689 Patents invalid would moot this action. Nevertheless, the mere possibility of mootness is an insufficient basis for declining to hear the case. *Minn. Mining & Mfg. Co.*, 929 F.2d at 674 ("[T]he mere chance of the action becoming moot is not reason enough to dismiss this suit.").

This Court also will not defer to the Texas litigation because manufacturer suits for declaratory judgment are preferred over consumer suits for infringement. *E.g.*, *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) (quoting *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977)) ("At the root of the preference for a manufacturer's declaratory judgment action is the recognition that, in reality, the manufacturer is the true defendant in the customer suit."). Since Targus is the manufacturer and its customers are defendants in the Texas Litigation,

this case has significance independent of the customer infringement actions. The Court therefore will not dismiss Plaintiff's Complaint.

These factors also weigh against staying this case. As the Supreme Court has explained, when deciding whether to stay a case a court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. Defendant argues that a stay would "promote judicial economy, avoid duplicative litigation, dispose of issues in the case and conserve resources." (Doc. No. 11 at p. 14.) Plaintiff counters that "every day that passes subjects Targus to additional liability for up to treble damages" and that delayed adjudication subjects Plaintiff to "threats of contempt proceedings and, potentially, greater damages." (Doc. No. 15 at pp. 13-14.) Given the prejudice that Plaintiff may suffer by delaying adjudication, the policy favoring manufacturer suits, and the independence of Plaintiff's claims from those on appeal before the Federal Circuit, the Court finds that a stay would not be prudent. Therefore, this Court declines to exercise its discretion to stay the case.

## Conclusion

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to dismiss or stay these proceedings. (Doc. No. 11.)

**DONE** and **ORDERED** in Chambers in Orlando, Florida on November  6th , 2007.

*[Signature]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Counsel of Record